Leon Lee SAMMONS, Petitioner–
Appellant,

v.

Douglas DRETKE, Director, Texas De-
partment of Criminal Justice, Correc-
tional Institutions Division, Respon-
dent–Appellee.

No. 02–41236.
Summary Calendar

United States Court of Appeals,
Fifth Circuit.

Oct. 2, 2003.

Before JONES, BENAVIDES, and
CLEMENT, Circuit Judges.

PER CURIAM.*

Leon Lee Sammons, Texas prisoner
# 896479, was convicted of aggravated
robbery by a jury and sentenced to 60
years in prison. Sammons appeals the
district court's denial of his 28 U.S.C.
§ 2254 application. Sammons argues that
the prosecutor commented on his decision
not to testify. Assuming that the argu-
ment was a comment on Sammons's failure
to testify, the comment must be viewed in
the context of the trial and reversal is not
warranted unless the improper comment
had a "clear effect on the jury." *United
States v. Montoya–Ortiz,* 7 F.3d 1171, 1179
(5th Cir.1993). Curative instructions are
considered in analyzing whether an im-
proper remark constitutes reversible er-
ror. *See United States v. Anchondo–San-
doval,* 910 F.2d 1234, 1237 (5th Cir.1990).
The trial court sustained the objection to
the argument and instructed the jury to
disregard it. Juries are presumed to fol-
low the instructions of the court. *See Za-
firo v. United States,* 506 U.S. 534, 540–41,
113 S.Ct. 933, 122 L.Ed.2d 317 (1993).
Additionally, the evidence of Sammons's
guilt is overwhelming. Sammons has not
shown that the district court erred in con-
cluding that the state court's denial of
relief on this issue was contrary to clearly
established federal law or was based on an
unreasonable determination of the facts.
28 U.S.C. § 2254(d); *Williams v. Taylor,*
529 U.S. 362, 409, 120 S.Ct. 1495, 146

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

L.Ed.2d 389 (2000); *Beazley v. Johnson,* 242 F.3d 248, 255 (5th Cir.2001).

Sammons moves for the appointment of appellate counsel. Sammons represented himself adequately in having this court grant his motion for a certificate of appealability (COA). His brief on the issue of the prosecutor's comment regarding his failure to testify is more than adequate in presenting the claim. *See Schwander v. Blackburn,* 750 F.2d 494, 502 (5th Cir. 1985). Sammons's motion for the appointment of counsel is DENIED.

AFFIRMED; MOTION DENIED.